# EXHIBIT 5

VIRGINIA:

IN THE CIRCUIT COURT OF ARLINGTON COUNTY

ANDREW F. CLARK,
Plaintiff,

CL14001986-00
DIV
0

v.                                                    : CL. No. 14-1986

MICHELLE A. CLARK,
Defendant.

## CUSTODY AND VISITATION ORDER

THIS CAUSE came on to be heard for trial on July 8 and July 9, 2015; upon the testimony of the parties and their respective witnesses; upon the written Report of the Guardian *Ad Litem*; upon argument of counsel and the Guardian *Ad Litem*; and upon the ruling of this Court; and the Court having considered the statutory factors in Va. Code Ann. Section 20-124.3; it is therefore

ADJUDGED, ORDERED and DECREED as follows:

**A. CUSTODY**

1. <u>Legal Custody</u>: The parties shall have joint legal custody of the minor child, Mason Firman Clark. The parties shall be subject to the protocols noted herein below.

   a. There shall be full consultation on all important matters involving Mason's physical, emotional and intellectual well-being including, but not limited to, education, religious instruction, elective medical care and the selection of camps and extracurricular activities. In the event there is disagreement on extracurricular activities Father shall have final decision-making authority.

b. The parties agree to keep each other informed on a regular basis of all important matters relating to Mason, including, but not limited to illnesses, medical/dental appointments, school problems and extracurricular activities.

c. Access to Records: Each party shall be permitted to obtain reports of dentists, doctors, psychologists, psychiatrists, school personnel or other professionals who report information about each child, pursuant to Va. Code Ann. Section 20-124.6. Each parent's name, address and telephone numbers will be provided to all professionals, included in this paragraph, as well as on all emergency contact forms, including, but not limited to those required for participation in extracurricular activities.

d. Emergency medical treatment: Each party has authority to consent to emergency medical treatment for Mason, but the party who consents to such treatment shall make every reasonable effort to notify the other parent regarding the emergency.

e. The parent with whom Mason is staying under the operation of the schedule shall be responsible for timely taking Mason to his medical and dental appointments and to school, camps and any extracurricular activities.

f. The parties shall use Our Family Wizard for purposes of communication with one another and for maintain a calendar of Mason's schedule. The parties shall share equally the costs of this program.

g.  The parties agree to put no obstacle in the way of maintenance of love and affection between each of them and Mason. They will not belittle, berate, scorn, ridicule or condemn the other in the child's presence and they will actively attempt to generate a feeling of goodwill between Mason and the other parent.

2.  Physical Custody: Father shall be awarded primary physical custody subject to the timesharing provisions set forth herein below.

B.  **TIMESHARING:** Mother shall have the following timesharing custodial time and all such other times as the parties agree.

1.  For the period of July 10, 2015 through September 8, 2015 the parties agree to the following schedule:

    July 10 – July 12: Father
    July 12 – July 19: Mother
    July 19 – July 26: Father
    July 26 – August 2: Mother
    August 2 – August 9: Father
    August 9 – August 16: Mother
    August 16 – August 23: Father
    August 23 – August 30: Mother
    August 30 - September 8: Father

    Return times for the above schedule is 7:00 p.m. During this period of time the non-custodial parent shall have Mason for a Wednesday visit. Said visit shall take place from the end of Mason's camp/summer school until 7:30 p.m.

2.  Regular schedule: Commencing on September 11, 2015 Mother shall have alternating weekends from Friday at 7:00 p.m. until Sunday at 7:00 p.m. Mother shall additionally have Mason each and every Wednesday from end of school until 7:30 p.m.

3. Holiday schedule: The holiday schedule shall take precedence over the regular schedule.

   (i) Mason's Birthday: The parties agree to alternate celebrating Mason's birthday. Mason shall be with Father in even-numbered years and with Mother in odd-numbered years.

   (ii) Easter/Spring Break: The parties agree to share the holiday. The first part of the holiday shall be defined as from end of school until noon halfway through the holiday. The second part of the holiday shall be defined as noon halfway through the holiday until 7:00 p.m. the day prior to return to school. In even-numbered years Father shall have first part of the holiday and Mother shall have the second part of the holiday. In odd-numbered years Mother shall have the first part of the holiday and Father shall have the second part.

   (iii) Mother's Day/Father's Day: Mason shall be with Mother each and every Mother's Day and with Father each and every Father's Day notwithstanding the established schedule. The holiday period shall be defined as from Saturday at 7:00 p.m. until Sunday at 7:00 p.m.

   (iv) Thanksgiving: The parties agree to alternate the holiday. The holiday period shall be defined as from end of school until 7:00 p.m. on Sunday. Father shall have the holiday in even-numbered years and Mother shall have the holiday in odd-numbered years.

(v) Christmas/Winter Break: The parties agree to share the holiday. The first part of the holiday shall be defined as from end of school until noon on Christmas Day. The second part of the holiday shall be defined as from noon on Christmas Day until 7:00 p.m. the night before school resumes. In even-numbered years Father shall have the first part of the holiday and Mother shall have the second part of the holiday. In odd-numbered years Mother shall have the first-part of the holiday and Father shall have the second part of the holiday.

(vi) Monday holidays: Any Monday holiday shall attach to the weekend preceding the holiday unless the parties otherwise agree in writing.

(vii) Summer vacation: Commencing in 2016 and thereafter the parties shall be entitled to three weeks of time with Mason with no more than two weeks to be consecutive. The parties further agree that Mason shall be with the Father the week prior to the commencement of school each and every year. The parties shall notify each other of their intended dates by no later than May 1st. In the event of disagreement as to dates Father shall have first selection in even-numbered years and Mother shall have first selection in odd-numbered years.

4. Right of First Refusal: In the event that a parent is unable to care for Mason during his or her custodial time, then the other party shall have the first right of refusal to care for Mason during that period.

5. Telephone/Skype Contact: The noncustodial parent shall be entitled to reasonable telephone and Facetime/Skype and/or email access during the custodial parent's time with Mason.

6. Transportation: Father shall be responsible for all transportation of the child. The exchanges will occur at _the non-custodial parent's residence or such other location as the parties agree._

C. THERAPY: The parties agree that Mason shall engage in therapy with Guy Van Syckle, Ph.D., if he is available. If Dr. Van Syckle is not available the parties and the GAL will discuss an alternative therapist with the GAL to make the selection if the parties are not in agreement. Pending Mason commencing services with Dr. ~~Lindall~~ VanSyckle he shall continue with Dr. Rainey. The cost of the therapist's fees shall be apportioned between the parties as follows: _70% to the Father and 30% to the mother_.

D. PSYCHOLOGICAL EVALUATION: The Mother shall undergo a full psychological evaluation and a report of the evaluation shall be filed with the Court under seal, with copies to be provided to counsel of record. Said evaluation and report shall be completed prior to the commencement of the school term. In the event that the evaluation and report are not completed the Mother's overnight visitation shall be suspended. The Mother shall follow any and all treatment recommendations made by the evaluator.

E.  **RELOCATION:** In accordance with Va. Code Ann. Section 20-124.5 a party intending to relocate shall give the other party and this Court thirty days' advance written notice of any change of address, and any change in the telephone number within thirty (30) days of the change.

F.  **GUARDIAN *AD LITEM* FEES:** The Guardian *Ad Litem's* fees of *18,177.50 shall be paid by the parties according to the following percentages: Mother 30 % and Father 70 %. Said fees shall be paid ~~on or before thirty days~~ One-half in 30 days and the balance in 45 days from this.

The Clerk of the Court is hereby directed to provide certified copies of this Order to the parties and counsel of record, upon the payment of any fees.

ENTERED this 10th day of July 2015.

Judge S. Daniel Fiore, II

SEEN ~~AND~~
LAW OFFICE OF ROBIN L. ROBB, PLLC

Robin L. Robb, Esquire
Virginia Bar No. 29133
6045 Wilson Boulevard, Suite 101
Arlington, Virginia 22205
(703) 237-1877
(800) 748-5215 facsimile
Guardian *Ad Litem* for the minor child

* 3500 has been advanced by Mr. Clark. Balance owing *14,677.50

SEEN AND *Agreed*:

_____
Ronald L. Hiss, Esquire
Virginia Bar No. 38104
Renee Rocheleau-Lucero, Esquire
Virginia Bar No. 3F/0Y
2020 North Fourteenth Street, Suite 510
Arlington, Virginia 22201
(703) 524-4477
(703) 524-5283 facsimile
Counsel for Andrew Clark


SEEN AND OBJECTED TO *:
ARQUILLA & ASSOCIATES, PLC

_____
Michael L. Poe, Esquire
Virginia Bar No. 82525
Oak Tree Plaza
6078 Franconia Road, Suite D
Alexandria, Virginia 22310-4425
(703) 719-9292
(703) 719-9290 facsimile
Counsel for Michelle Clark

\* As contrary to the best interest of the child given that Mother has been primary care giver throughout child's life, Husband's desertion of wife and child, lack of information with respect to parties' living situations as division of marital residence remains undetermined and Father's relationship with child remains strained.