# EXHIBIT 8

## Michelle Rahbar, Pro Se v. Law Office of Arquilla & Poe, PLC
### BREACH OF THE STANDARD OF CARE-VIOLATIONS OF THE VIRGINIA RULES OF PROFESSIONAL CONDUCT

*In Kim v. Garver, et al Law*, (Va. Cir. 2010) (No. 2009-17107), Page 2: "The standard of care required, inter aha, that [D]efendants comply with the Virginia Code of Professional Responsibility. Defendants failed to comply with the applicable standard of care, and failed to comply with, inter aha, VCPR Rules...Defendants acted negligently, and their negligent breach of the standard of care injured" the Plaintiff.

**RULE 1.1 -COMPETENCE**

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

- LACK OF KNOWLEDGE & SKILL [2] Some important legal skills, such as the analysis of precedent, the evaluation of evidence and legal drafting, are required in all legal problems.

\*\*\*Attorney Poe held himself, and his Firm out as having many years trial experience in Family Law and as such the Defendants should be held to a higher standard than a general transactional attorney. The Pro Se Plaintiff relied upon the Defendants claims of knowledge and experience but Attorney Poe's performance, or rather lack of it show that the *Pro Se* Plaintiff was mislead by the Defendants on Attorney Poe's knowledge, skill set and ability to interact with the judiciary without cowering and to strategize, research the latest, most relevant case law, plan and think ahead.

Attorney Hiss came to court prepared and passed cases up to the Judge for his review and also presented the Judge with a Memorandum of Points and Authorities to support his client's position on July 9, 2015. Attorney Poe came to court with ONE case, had the stronger case law argument but choose not to make it and even turned down the opportunity the Judge had given him to argue the significance of the gift deed on the parties' marital residence and equitable distribution. present case, make accurate objections on the record,

- THOROUGHNESS AND PREPARATION [5] Thoroughness and Preparation: Competent handling of a particular matter includes inquiry into and analysis of the factual and legal elements of the problem, and use of methods and procedures meeting the standards of competent practitioners. It also includes adequate

preparation. The required attention and preparation are determined in part by what is at stake; major litigation and complex transactions ordinarily require more elaborate treatment than matters of lesser consequence.

**VIOLATIONS:**

Lack of Strategy & Preparation. There was no thorough analysis of precedent and relevant statutes that a competent attorney would have known, researched, and used in the case, and Poe Failed to use positive statutory and case law that would have had a significant impact on my case material was known, supported by evidence and that client directed be argued in the case without giving client any explanation or even provide a rationale, and

Desertion" as defined by statute was demonstrated by evidence given to Poe and he was directed by client to argue desertion in the case. Poe never raised the issue of desertion in any court filings, never questioned the ex-husband during the deposition, never used this in his argument for custody or the trial despite client asking several times. (*See one example an attached email dated September 23, 2014*)

Violated a standing Court Order entered October 10, 2014 *(See attached)*, upheld at a Show Cause hearing on March 27, 2015, to sell the marital home on the market. Poe without consent or consultation sold what he determined with opposing counsel was client's interest in the marital home to the plaintiff, husband, and settled the case. *However, Poe took no procedural action to set aside the Court Order he disregarded or inquired into how the standing Court Order could effect a settlement, and therefore has violated Court procedures, and has shown that he is either not competent or has no problem with being in contempt of Court.*

**RULE 1.2 SCOPE OF REPRESENTATION**

(a) A lawyer shall abide by a client's decisions concerning the objectives of representation, subject to paragraphs (b), (c), and (d), and shall consult with the client as to the means by which they are to be pursued. **(a) A lawyer shall abide by a client's decision, after consultation with the lawyer, whether to accept an offer of settlement of a matter. (d) A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation.**

**VIOLATIONS:**

RULE 1.2 (a). Poe disregarded without excuse all client efforts to frame the objectives of his representation and became indignant when questioned. In the courtroom Poe allowed opposing

counsel to guide the scope of his inquiry, took on opposing counsel's position and failed to raise important issues such as my claim of desertion.

**RULE 1.2 (d).** Poe entered into a settlement agreement whereby he sold my interest in the marital home to my ex-husband in direct violation of a standing Court Order without my presence or my consent during a meeting with my ex-husband and opposing counsel. Also, after hearing nothing from Poe for 2 days, it was I who contacted Poe to find out what was happening in my case. In his response to me, Poe claimed that he had tried to reach me by phone on Friday, June 12, 2015.

I paid to have my phone records from June 2015 sent to me and there were no calls from Poe from June 11, 2015 to June 15, 2015.(See the attached *Pro Se* Plaintiff's phone records) Poe lied to me about trying to reach me and I immediately told him and opposing counsel that I DID NOT APPROVE of the settlement and instructed Poe to call Chambers on Monday. When Poe and I spoke over the phone he told me that I should be happy to have "a stream of income". Poe did not tell me that my ex-husband was present at the negotiations and I found that out later. When Poe refused to contact chambers, ignored my pleas, I tried to get him to seek modification so I could get before the Judge to tell the truth.

**RULE 1.3 DILIGENCE**

(a) A lawyer shall act with reasonable diligence and promptness in representing a client.

(b) A lawyer shall not intentionally fail to carry out a contract of employment entered into with a client for professional services, but may withdraw as permitted under Rule 1.16.

(c) A lawyer shall not intentionally prejudice or damage a client during the course of the professional relationship, except as required or permitted under Rule 1.6 and Rule 3.3.

**VIOLATIONS:**

**RULE 1.3(a).** One of the most egregious examples of Poe's diligence and promptness is that on June 13, 2015, after hearing nothing from Poe for 2 days, it was I who contacted Poe to find out what was happening in my case. I had learned earlier that morning from my ex-husband that Poe had sold my interest in the marital home to him and that I had to move out. My ex-husband was present at negotiations along with his attorney, Mr. Hiss, but I was not even aware of their meeting. It seemed improper to me that my ex-husband knew more about my case than I did and that I had to learn the bad news from my ex-husband and not my own attorney.

In his response to me, Poe claimed that he had tried to reach me by phone on Friday, June 12, 2015. *(See attached email)* I paid to have my phone records from June 2015 sent to me and there were no calls from Poe from June 11, 2015 to June 15, 2015. *(See attached phone records)* ****Cross reference and compare with Poe's version of events in his Response to the Bar, section E. Settlement of Remaining Issues-Ms. Clark Gave Me Full Settlement Authority July 9, 2017, in his response to Bar Counsel on page 7.

**RULE 1.3 (c).** Poe simply went through the motions of representing his client without any commitment, interest in the outcome, without zeal in advocacy. Poe intentionally prejudiced client by by failing to follow through on client's concerns about being able to pay for an evaluation, requests for clarification on the requirements of the court ordered mental evaluation.

Then at court Poe failed to disclose all of his client's efforts to get the report done on time, and that Poe had made assurances to client that everything would be OK as long as the report was done by a psychiatrist. Client was irreparably harmed by Poe's actions as the court's ruling on custody hinged on the report as mentioned in the transcript. Also, at the hearing the the Guardian *ad litem* ("GAL") informed the that Court it was a psychologist, not a psychiatrist who conducted the evaluation and that I had to get an evaluation done before school started.

Why couldn't Poe have made one simple phone call and then I would've had the correct report on time for court and custody might have gone differently? Poe would not explain why an evaluation needed to be done when the court had already made its' custody decision, I never found out from Poe what impact the post-custody evaluation would have on custody or visitation. Poe did not see fit to raise this issue to the Court so I had to pay for a mental evaluation, file it with the court and it had no impact at all on custody or visitation. Given that I was unemployed at the time this was an issue that should have been raised by Poe but he wouldn't take any direction from me.

**RULE 1.4 COMMUNICATION**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

(c) A lawyer shall inform the client of facts pertinent to the matter and of communications from another party that may significantly affect settlement or resolution of the matter.

**VIOLATIONS:**

**RULE 1.4 (a), (b) & (c).** Throughout his engagement as my attorney Poe consistently violated each section of this Rule.

Some examples, including, but not limited to violations cited under other Rules in this document, and in addition other incidents of violation may unintentionally be omitted, Attorney Poe:

- Settled my divorce case selling my interest in the marital home at a private meeting with him, my ex-husband and opposing counsel, Ronald Hiss, Esq.; and Never explained how it was even possible to sell my interest directly to my ex-husband when according to a standing Court Order the house was to be put on the market for sale because the time had long past since the January 15, 2015, date that the Order had given my ex-husband the opportunity to enter into a buyout with me (*See attached Pendente Lite Order dated October 10, 2014*); and

- Would not issue a Motion to Quash the subpoenas of my doctors and pharmacy even though he was instructed to do so. Poe's response to the Pro Se Plaintiff was "*Why? We have nothing to hide.*" I did not understand why he would allow this invasion into my privacy, risk my medical conditions taking over the case even though the Defendant, Andrew Clark, never alleged that the ProSe Plaintiff's health problems interfered with her ability to care for herself or her son. Poe never requested any medical records on my ex-husband from opposing Counsel (*See attached letter from opposing counsel stating that the time to file Motions to Quash the subpoenas had passed)*; and

- Did Not tell me anything about his supposed "off the record meeting" in Judge's chambers with opposing counsel noted in his Response to Bar Counsel; and

*****Cross reference and compare with Poe's version of events in his Response to the Bar, Section D. The Judge's Ruling, in his response to Bar Counsel on Page 7*

- Attorney Poe allowed Judicial pressure "to reach a resolution" which is noted throughout his response to Bar Counsel and in *section D. The Judge's Ruling, in his response to Bar Counsel on Page 7,* to unduly influence him to the detriment of his client during trial by not

arguing law and precedent and in particular, entering into a Consent Decree and settling client's case without client knowledge or consent.

This is a clear violation of 1.4(c) "facts pertinent to the matter and of communications from another party that may significantly affect settlement or resolution of the matter."; and

- Please note that I do not know exactly what violations are implicated by Poe's lack of zeal in my defense, feeling so "pressured" by the Judge that he let it dictate his actions in my case even against client direction but it prejudiced and caused client to suffer loss, financial and emotional distress.

## RULE 1.6(a) CONFIDENTIALITY OF INFORMATION

(a) A lawyer shall not reveal information protected by the attorney-client privilege under applicable law or other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (b) and (c).

## VIOLATIONS:

Disclosure of client medical and mental health records against client wishes and in violation of Rule 1.6 (a). Poe should have filed a Motion to Quash all of the subpoena duces tecum from opposing counsel for client's healthcare records and pharmacy records as addressed in Comment [2] The common law recognizes that the client's confidences must be protected from disclosure. The observance of the ethical obligation of a lawyer to hold inviolate confidential information of the client not only facilitates the full development of facts essential to proper representation of the client but also encourages people to seek early legal assistance.

## RULE 1.16(c) &(d) Declining Or Terminating Representation

(c) In any court proceeding, counsel of record shall not withdraw except by leave of court after compliance with notice requirements pursuant to applicable Rules of Court.
(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, refunding any advance payment of fee that has not been earned and handling records as indicated in paragraph (e).

**Comment 9: Assisting the Client upon Withdrawal**

[9] Even if the lawyer has been unfairly discharged by the client, a lawyer must take all reasonable steps to mitigate the consequences to the client. Whether or not a lawyer for an organization may under certain unusual circumstances have a legal obligation to the organization after withdrawing or being discharged by the organization's highest authority is beyond the scope of these Rules.

**VIOLATIONS:**

Poe gave no notice of intent to withdraw from client's case and did so during a hearing before the Court on September 11, 2015, after client addressed the Court and told the Court that she had NO prior knowledge of the terms of the settlement, Consent Decree entered into by Poe and should not be held to its' terms. (*See transcript of Court hearing dated September 11, 2015, Page 14, Lines 8-16; Page 17, Lines 1-5.*)

Poe acted as if he had been discharged prior to being discharged by the Judge on December 1, 2015.

**NOTE**: After the disclosure by client that Poe had no authority to enter into the Agreement, then Poe was SILENT on the record. IF POE ACTUALLY HAD AUTHORITY THAN WHY WOULDN'T HE DENY IT ON THE RECORD?! A reasonable person under a similar situation would automatically state on the record that the client was wrong and that he did have authority. (*See transcript of Court hearing dated September 11, 2015, Page 14, Lines 8-16; Page 17, Lines 1-5.*)

**POE'S RESPONSE CONTAINS FALSEHOODS**

**A. NO CLIENT CONSENT TO AGREEMENT NOTED ON COURT TRANSCRIPT, POE SILENT**

On September 10, 2015, client had sent Poe an email and once again stated that she did not consent to the terms of the buyout and that the hearing on September 11th, the next day, would be the first opportunity that she would have to tell the Court that she did not consent to the agreement. *(See attached email)* Poe had been told that client did not approve of the

agreement many times before but had refused to contact the Judge about the lack of consent because he was more concerned about getting "in trouble" or upsetting the Judge than he was in advocating for his client.

*Please note that in the transcript for the hearing on September 11, 2015 which is attached and was also previously submitted to the Bar, Poe never once disputed that I did not know anything about the Consent Order he entered into on my behalf, in fact, the record shows he was silent on the matter. (*See transcript of Court hearing dated September 11, 2015, Page 14, Lines 8-16; Page 17, Lines 1-5.*)

There is no logical excuse for why if I had given Poe the consent he claims I did to settle my case then that in his response to Bar Counsel (see section E. Settlement of Remaining Issues-Ms. Clark Gave Me Full Settlement Authority July 9, 2017, page 7), that Poe would have NOT defended himself of this accusation on the record.

## B. LACK OF CONSENT ACKNOWLEDGED BY THE COURT AND DIVORCE DECREE VACATED AT HEARING

Poe also fails to mention in his response to Bar Counsel, noted above, that the Court asked opposing counsel, **"Why is an order submitted to the court that says "the wife agrees" if she had, in fact, not agreed?"** (*See transcript of Court hearing dated September 11, 2015, Page 19, Lines 16-18*).

**The Court Record Contradicts Poe.** Negotiations were between attorneys, not parties as Poe said in his response to Bar Counsel. (*See transcript of Court hearing dated September 11, 2015, Page 19, Lines 19-21*).

The Court vacated the divorce decree because "...it contained inaccuracies.." and asked Counsel to "...submit competing orders to chambers by the 18th of September" due to language that says that client agreed when she in fact did not agree or consent to her attorney entering into the agreement. (*See transcript of Court hearing dated September 11, 2015, Page 21, Lines 4-14; and Page 22, Lines 11-16;Page 23, Lines 14-16*).

The fact that the revised divorce decree signed by Judge Fiore on December 1, 2015, required a change in the language from the "the parties agree" to "counsel for the parties agree" speaks to the Judge believing that the client in fact had not agreed to the settlement entered into by Poe.

**Communication from Opposing Counsel Contradicts Poe.**

Also, in a letter to Poe from opposing counsel dated September 14, 2015, Ronald Hiss, Esq. states that he has corrected the Final Decree and **"Please note that we have removed the offending word "agree" from all of the document."** (See attached letter dated September 14, 2015, from Ronald Hiss, Esq. to Michael Poe, Esq.) Further, the fact that Poe did not even contest this change or challenge opposing counsel when opposing counsel said that the order was negotiated by he and Poe (*See Page 19, Lines 19-21*) contradicts Poe's own claims that he had full authority from client to settle the case and that the negotiations were in the client's presence.

 Gmail

Michelle Clark <michelleannclark1@gmail.com>

## Referral From Alexandria Bar Association
1 message

**lrx@alexandriabarva.org** <lrx@alexandriabarva.org>  Mon, Sep 8, 2014 at 12:42 PM
To: michelleannclark1@gmail.com

Alexandria Bar Association
520 King Street, Room 202

Alexandria VA 22314
7035481105      Date: 09/08/2014    Interviewer: PM1

Michelle Clark
523 South Springs St.
Falls Church VA 22046
(703) 906-9200

This letter is to confirm that you were referred to the following attorney in the legal areas of:
  Family law-support

Michael Poe
6078 Franconia Road Suite D
Alexandria, VA 22310
(703)719-9292

Appointment: 09/09/2014 10:00AM

The John Grad program is a modest means income program and is designed to help those who cannot pay usual attorney's fees. You pay $50 for a 1/2 hour consultation. Any work done by the attorney outside of the consultation will be billed at $90 per hour. We have a minimum retainer of $450 to be paid to the attorney except in custody and contested divorce cases where the minimum is $900. The retainer must be paid before the attorney does any additional work.

Thank you for using the Alexandria Bar Association's Lawyer Referral Service.

Lawyer Referral Service
520 King St. Rm 202
Alexandria, VA 22314

Phone: 703-548-1105

## INQUIRY FORM - VIRGINIA STATE BAR
## FORMAL COMPLAINT AGAINST ATTORNEY MICHAEL L. POE, ARQUILLA & ASSOC.

Submitted by former client, MICHELLE ANN CLARK
Date: March 28, 2017

 Dear Bar Investigator, I am filing this formal complaint and request an investigation with the Bar because I have been the victim of the most willful and egregious violations of the Bar of Virginia's Professional Code of Conduct and Ethics that I could ever imagine or have heard. The delay between the events and my filing of this complaint are the result of my hiring a malpractice attorney who advised me not to contact the Bar but, this attorney has not been responding to my questions about my case so I have decided to not wait any longer to report the unbelievable actions taken by Attorney Poe and how his misconduct caused me and continues to cause me to suffer economically and emotionally. All I want is for Attorney Poe to be held accountable for his actions and to make sure that no one else suffers because of his wilful misconduct.

 My complaint begins with Michael Poe, Esq., Arquilla & Associates, PLC, who I retained in September 2014 to represent me in my custody and divorce trial in Arlington County, Clark v. Clark, case no. CL14-1986. I was unemployed at the time and was able to find and qualify for a grant program that lowered the cost of attorney fees. At my very first meeting with Attorney Poe he told me that my case should settle but I never imagined that he'd settle my case without my knowledge, consent and on terms he knew were not what I had requested.

 My divorce attorney, Michael L. Poe, Esq., **sold my interest in my marital residence to my husband (*despite there being an Order that the house be sold on the market and the proceeds split*), agreed to impute income to me and set the amount of my spousal support ALL WITHOUT MY KNOWLEDGE, OR CONSENT. I was unemployed at the time and Attorney Poe's actions rendered me homeless forcing me to rely upon my church for food and housing. There are NO WORDS for the suffering that Attorney's Poe's ations have caused me and worse is that he has told me to "Move on" and has no empathy or remorse for actions.**

### **Violations of Ethical Duty and Deviation from the Standard of Care**

Enclosed please find a copy of a letter sent to Michael L. Poe, Esq. by a malpractice attorney setting forth the facts of my case along with the areas that Attorney Poe's misconduct, malpractice caused me economic harm. <u>BUT, what is not in the letter is all of the hardship and suffering that being put out on the street by my own lawyer has caused me.</u> Attorney Poe does not care about his actions and blatantly refused to respond to my requests for an explanation of why he met privately with my husband and my husband's attorney without me and settled my case without my knowledge or consent.

I have enclosed some emails that I sent to Attorney Poe and opposing counsel as soon as I learned that my case had been settled. To add insult to injury, I learned from my ex-husband that I had to move out of the marital residence, not my own lawyer!

I have copies of transcripts and emails that prove that Attorney Poe settled my case and sold my house without my knowledge or consent and worse took no action to correct his actions after he was confronted, even when in open court I told the Judge that I did not agree to the case,

### **RELIEF SOUGHT**

There is no penalty less than suspension or forfeiture of the license to practice law in the Commonwealth of Virginia that is fit for Attorney Poe to impress upon him the gravity of his failure to act and it's' life-changing effects. I am so sad to have to submit this Complaint and feel that justice was not done in my case because the very persons I trusted to seek what was in the best interests of myself so egregiously violated me, the Bar and the legal profession.

Sincerely,

Michelle Clark
(703) 906-9200
michelleannclark1@gmail.com